UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITA PALMER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SALVADOR VASQUEZ, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-01400 - AWI - JLT<br><br>ORDER GRANTING PLAINTIFF'S PETITION FOR APPOINTMENT OF BENITA PALMER AS GUARDIAN AD LITEM FOR MINOR K.W., Jr.<br><br>(Doc. 14) |

Plaintiff K.W., a minor, filed a petition to appoint Benita Palmer as his guardian ad litem in this action. (Doc. 14.) For the following reasons, the petition for the appointment of a guardian ad litem is **GRANTED**.

**I.    Procedural History**

On January 6, 2014, the plaintiffs filed a Second Amended Complaint, asserting the defendants are liable for the death of Ladwright Lamon Smith, the father of K.W. (Doc. 13.) According to the plaintiffs, Smith "was murdered while incarcerated at the California Correctional Institution, located in Tehachapi, California prison." (*Id.* at 4.) The plaintiffs allege Smith was found bleeding in his cell on July 15, 2012, and was given adequate medical care because "[t]he two medical Defendants had difficulty operating electric shock, stop[ping] the leading, and did not call outside sources for assistance." (*Id.* at 8, 9.) Further, the plaintiffs allege that "[t]he prison staff failed to evacuate the injured Smith, have the necessary and needed staff, failed to have the proper equipment or even a motorized and effective transportation system." (*Id.* at 9-10.)

Based upon the foregoing, the plaintiffs assert the defendants are liable for wrongful death; negligence/ gross negligence; cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments; violation of the Fifth Amendment's due process clause; failure to properly supervise, hire, and train; and loss of freedom of association in violation of the First Amendment. (*See* Doc. 13.)

## II.     Legal Standard

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Here, the law of the state of California governs the ability of K.W. to bring suit. Pursuant to California law, a minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. A guardian ad litem may be appointed to represent the minor's interests. Cal. Code Civ. P. § 372(a).

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

## III.     Discussion

Plaintiff is fourteen years old, and requests the appointment of his mother, Benita Palmer, as his guardian ad litem. (Doc. 14; Doc. 22-1.) Because Plaintiff is under the age of eighteen, he is a minor under California law. *See* Cal. Fam. Code § 6502. Therefore, as a minor, his ability to bring suit is contingent upon appointment by the court of a guardian ad litem.

Upon review of the Second Amended Complaint, it does not appear there are adverse interests in this action. Therefore, Ms. Palmer's appointment as guardian ad litem for K.W. is appropriate. *See*

*Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing "[a] parent is generally appointed guardian ad litem").

### IV.    Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986).  Here, it does not appear Ms. Palmer has interests that conflict with the interest of her son.  Therefore, the Court is acting within its discretion to approve the appointment of Ms. Palmer as the guardian ad litem.

Accordingly, **IT IS HEREBY ORDERED**:

1. The petition for appointment of Benita Palmer as guardian ad litem for Plaintiff K.W. is **GRANTED**; and
2. Benita Palmer is appointed to act as guardian ad litem for Plaintiff K.W., and is authorized to prosecute this action on his behalf.

IT IS SO ORDERED.

Dated:   **February 7, 2014**              **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE