Case 1:13-cv-01400-AWI-JLT   Document 42   Filed 01/29/15   Page 1 of 2

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BENITA PALMER,**<br><br>    Plaintiff,<br><br>        v.<br><br>**SALVADOR VASQUEZ, et al.,**<br><br>    Defendants. | Case No.: 1:13-cv-01400 AWI JLT<br><br>**ORDER GRANTING STIPULATION TO AMEND THE SCHEDULING ORDER**<br><br>(Doc. 41) |

Before the Court is the stipulation of counsel to amend the scheduling order to allow time to resolve and ongoing discovery dispute (*See* Doc. 40) and to allow completion of non-expert discovery, which has been delayed due to the illness of Plaintiffs' counsel.[1]  (Doc. 41)

In light of the fact counsel do not seek to modify the dates related to the dispositive motions, the pretrial conference or the trial date and because Court finds good cause has been shown, the Court **ORDERS** the scheduling order (Doc. 33) amended as follows:

1. All non-expert discovery SHALL be completed no later than April 3, 2015;

2. Expert witnesses SHALL be disclosed no later than April 10, 2015 with any rebuttal experts disclosed no later than May 2, 2015;

3. All expert discovery SHALL be completed no later than June 19, 2015;

---

[1] The Court is not clear how counsel's illness in December impacted his ability to comply with the Court's November 6, 2014 order but presumes that it played a role.

4.       Any non-dispositive motions SHALL be filed no later than July 3, 2015 and heard no later than July 31, 2015.

**Absolutely no other amendments to the scheduling order are authorized[2] and no further requests for amendments—even those made via stipulation—to the scheduling order will be entertained absent a showing of exceptional good cause.**

**Counsel are strongly urged to complete their discovery efforts as soon as practicable.**

IT IS SO ORDERED.

Dated:   **January 28, 2015**                         /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] In granting this stipulation, the Court appreciates—and presumes counsel does too—that this new schedule means that dispositive motions will likely have to be filed and decided without the benefit of expert discovery and the failure to complete this discovery SHALL NOT constitute good cause to extend any deadlines related to any dispositive motion, including decision on any such motion. Likewise, because the new schedule extends the deadline for filing and deciding non-dispositive motions beyond the deadlines related to dispositive motions, the existence of a discovery dispute or the failure to have a decision on a non-dispositive motion SHALL NOT be grounds to extend any deadlines related to any dispositive motion, including decision on any such motion.