UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITA PALMER, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SALVADOR VASQUEZ, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-01400 - AWI - JLT<br><br>ORDER GRANTING RELEASE OF MENTAL HEALTH RECORDS FOR INMATE TAYLOR |

    Plaintiffs' decedent was killed by his cellmate, Anthony Taylor, while housed at the California Correctional Institution in Tehachapi, California. (Doc. 28 at 3, 4-5) Plaintiffs claim the decedent should not have been housed with Taylor who was a convicted murderer and had known proclivities for possessing weapons and for injuring inmates and others. Id. at 4, 7. Likewise, they allege Defendants failed to provide adequate supervision of the decedent, due, in part, to prison overcrowding. Id. at 5.

    Over the last few months, Plaintiffs have sought the mental health records for Taylor. (Doc. 36 at 1-2) Defendants have refused to produce the documents because Taylor had not been given proper notice of the request for the records or any opportunity to object to their production. Id. However, according to the Court's order issued on January 27, 2015, Plaintiffs issued subpoenas duces tecum for the records and provided notice to Mr. Taylor of his right to object to the production of the documents; he has not done so. (Doc. 43) On March 27, 2015, the Court conducted the in camera review of the lodged documents (Doc. 44) and has concluded the documents should be released.

**I.      The documents are relevant and are discoverable**

Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Whether Taylor suffered from a mental or emotional disorder which made him more likely to perform acts of violence and the extent to which Defendants were aware of any condition, has been placed squarely at issue in this case.  Thus, inmate Taylor's mental health records are relevant to the proceedings.

Because the requested documents are relevant to this action, they must be produced unless they are privileged. See Fed.R.Civ.P. 26(b)(1). Federal law applies to determinations of privilege if the action involves federal-question claims, even where, as here, there are pendant state law claims. See United States v. Blackmun, 72 F.3d 1418, 1423 (9th Cir.1995); see also Rodriguez v. City of Fresno, 2010 U.S. Dist. LEXIS 128248, at *12 (E.D.Cal. Dec. 6, 2010). "[I]n mixed federal and state claim cases, although federal law is ultimately binding, state privilege law which is consistent with its federal equivalent significantly assists in applying privilege law to discover disputes." Rodriguez, at *13.

Disclosure of Taylor's mental health records is governed, in part, by the Health Insurance Portability and Accountability Act ("HIPAA"). "Except as otherwise permitted or required by this subchapter, a covered entity may not use or disclose protected health information without an authorization that is valid under this section." 45 CFR 164.508(a). However, 45 CFR 164.508 permits disclosure in certain circumstances including when it is allowed under 45 CFR 164.512. Subdivision (e) of this latter section permits disclosure of the records in judicial proceedings if ordered by the court, or in response to a subpoena if the agency is assured that the subpoenaing party has made reasonable efforts to obtain a release. 45 CFR 164.512(e). "Reasonable efforts" are shown when the subpoena allows time for objections and none were made before the expiration of the time allowed. 45 CFR 164.512(e)(1)(ii), (iii).

Here, the subpoena issued for the records permitted objection by inmate Taylor but he did not do so.  Moreover, counsel attempted to obtain a release from Mr. Taylor for release of the records but Taylor failed to respond.  Thus, reasonable efforts have been made to obtain the records.

On the other hand, HIPAA's privacy provisions allow for disclosure of medical information in the course of judicial proceedings. HIPAA places certain requirements on both the medical professional providing the information and the party seeking it. See 45 C.F.R. § 164.512(e). Under HIPAA, disclosure is permitted pursuant to a court order, subpoena, or discovery request when the healthcare provider "receives satisfactory assurance from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order...." 45 C.F.R. § 164.512(e)(1)(ii)(B). The protective order must prohibit "using or disclosing the protected health information for any purpose other than the litigation ..." and "[r]equire [ ] the return to the covered entity or destruction of the protected health information ... at the end of the litigation or proceeding." 45 C.F.R. § 164.512(e)(1)(v); see also Crenshaw v. MONY Life Ins. Co., 318 F.Supp.2d 1015, 1029 (S.D.Cal.2004).

Likewise, California Welfare & Institutions Code section 5328 makes mental health treatment records confidential. The section reads in pertinent part, "All information and records obtained in the course of providing services ... to either voluntary or involuntary recipients of services shall be confidential." Exceptions to the prohibition on releasing these confidential documents include "the courts, as necessary to the administration of justice" and to the attorney for the service recipient upon the presentation of a signed release. Id. at subd. (f), (j). The statute acts as "a general prohibition against disclosure of information, subject to defined exceptions" and protects information that would not otherwise be privileged. (In re S.W. (Cal.App.2d Dist.1978) 79 Cal.App.3d 719, 721, 145 Cal.Rptr. 143 (1978).

Subdivision (f) of the statute permits disclosure "[t]o the courts, as necessary to the administration of justice." Cal. Welf. Instit. Code § 5328(f). Here, the parties agree the records are needed for a fair and full determination of the issues and the court agrees.  Based upon the allegations of the complaint, Mr. Taylor's mental status and propensity toward violence—to the extent known to Defendants—is of key importance to a determination of liability.  Thus, the records should be disclosed.

///

///

3

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Defendants **SHALL** produce to Plaintiffs the mental health records of inmate Taylor that were lodged with the Court, within 10 days of the date of this order;

2. The parties **SHALL NOT** use or disclose the mental health records **for any purpose** other than the litigation of this matter. Disclosure is limited to attorneys, consultants or experts working in conjunction with this matter. **At the conclusion of this litigation, the parties shall return or destroy such records, including all copies.**

IT IS SO ORDERED.

Dated:   **March 31, 2015**          /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE

4