UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITA PALMER, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SALVADOR VASQUEZ, et al.,<br><br>        Defendants. | Case No.: 1:13-cv-01400 - AWI - JLT<br><br>ORDER VACATING THE HEARING DATE OF JULY 31, 2015<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL (Doc. 49) |

Plaintiffs assert that Ladwright Lamon Smith (the husband of plaintiff Benita Palmer and the father of plaintiffs K.W., Nicole Palmer, and Christian Smith) "was murdered while incarcerated at the California Correctional Institution, located in Tehachapi, California prison." (Doc. 28 at 3) Plaintiffs seek to hold Defendants liable for violations of civil rights pursuant to 42 U.S.C. § 1983. (*See id*)

Defendants report Plaintiff failed to serve their initial disclosures in this action, and failed to respond to discovery requested by Defendants. (Doc. 49) Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendants seek to compel Plaintiff to submit their initial disclosures as previously ordered by the Court, respond to the interrogatories, and respond to their request for production. (*Id.*) Plaintiffs did not oppose the motion. The Court has reviewed the motion and supporting documents, and finds the matter suitable for decision without oral arguments. Accordingly, the matter is taken under submission pursuant to Local Rule 230(g) and the hearing date of July 31, 2015 is **VACATED**. For the reasons set forth below, Defendants' motion to compel discovery is **GRANTED**.

# I. Relevant Factual and Procedural History

The Court held a scheduling conference on May 21, 2014, at which deadlines related to discovery were set for the parties. (Doc. 33) On January 29, 2015, the parties stipulated to an extension of time to resolve an ongoing discovery dispute and to allow the completion of non-expert discovery. (*See* Docs. 41, 42) Accordingly, the Court ordered the parties to complete all non-expert discovery no later than April 3, 2015, and to file any non-dispositive motions no later than July 3, 2015. (Doc. 42 at 1-2)

On June 13, 2015, Defendants filed the motion now pending before the Court, asserting Plaintiff had failed to comply with the Court's order to make his initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and that Plaintiff failed to respond to Defendants' discovery requests, including interrogatories and requests for production of documents. (Doc. 49)

# II. Scope of Discovery and Requests

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Fed. R. Civ. P. 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things…For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

### A. Interrogatories

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). A responding party is obligated to respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but

a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 U.S. Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 73753 (E.D. Cal. Sep. 21, 2007)).

### B. Requests for Production of Documents

A party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Similarly, a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property . . ." Fed. R. Civ. P. 34(a)(2). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed. R. Civ. P. 34(b). Thus, a request is sufficiently clear if it "places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192. F.R.D. 193, 202 (N.D. W. Va. 2000) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* (Rev. #1 2011) Discovery, para. 11:1886 ("the apparent test is whether a respondent of average intelligence would know what items to produce").

The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). Such documents include documents under the control of the party's attorney. *Meeks v. Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D.Mass. 2000) (A "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control").

In the alternative, a party may state an objection to a request, including the reasons. Fed. R. Civ. P. 34(b)(2)(A)-(B). When a party resists discovery, he "has the burden to show that discovery

should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 189 F.R.D 281, 283 (C.D. Cal. 1998) (citing *Nestle Food Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990)).

### III. Discussion and Analysis

Under the Federal Rules, "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" when "a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

Here, Defendants assert Plaintiffs have failed to respond to the Interrogatories and Requests for Production of Documents propounded by Defendants on June 13, 2014. (Doc. 49 at 3) Defendants granted an extension of time for Plaintiffs to respond to discovery on August 6, 2014, but Plaintiffs reported they needed to review the medical records of Smith's cellmate prior to responding. (*Id.*) Defendants requested responses to the discovery by sending an email on February 10, 2015. (*Id.*) In addition, Defendants sent a letter to Plaintiffs' counsel on April 22, 2015 (*id.* at 116-17), and June 2, 2015 (*id.* at 119) Further, Defendants assert they raised the issue of Plaintiffs' failure to respond to the discovery requests during several telephonic conversations with counsel. (*Id.* at 4, 6; Bragg Decl. ¶4) On both June 18 and June 29, 2015, Mr. Bragg informed Plaintiffs' counsel that he would be filing a motion to compel if the discovery responses were not provided. (*Id.* at 6, ¶ 5; 119) Despite this information, Plaintiffs failed to make their initial disclosures or respond to Defendants' discovery requests. (*Id.* at 4)

Given Plaintiffs' complete failure to respond to the discovery requests, Defendants' motion to compel Plaintiffs to serve their initial disclosures and respond to Defendants' interrogatories and requests for production of documents is **GRANTED**.

### IV. Conclusion and Order

Plaintiffs are reminded that failure to comply with a Court order—including the Court's Scheduling Order directing the parties to serve initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure—may result in the imposition of sanctions, including dismissal of an the action. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

comply with a court order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (same);

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' motion to compel discovery (Doc. 49) is **GRANTED**;
2. Plaintiff SHALL serve his initial disclosures no later than **August 4, 2015**;
3. Plaintiff **SHALL** respond to Defendants' Special Interrogatories- Set One and produce documents responsive to Defendants' Request for Production of Documents- Set One no later than **August 7, 2015**; and

**<u>Failure to comply with this order may result in sanctions pursuant to Local Rule 110</u>.**

IT IS SO ORDERED.

Dated:   **July 24, 2015**                                 **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE